1  JENNIFER MATHIS (Cal. Bar No. 187275)
   jmathis@rdblaw.com
2  ROSS, DIXON & BELL, LLP
   5 Park Plaza, Suite 1200
3  Irvine, California 92614-8529
   Telephone: (949) 622-2700
4  Facsimile: (949) 622-2739

5  Attorneys for Plaintiff
   Continental Casualty Company
6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11 | CONTINENTAL CASUALTY           | Case No. C 05 5333 MJJ
   | COMPANY,                       |
12 |                                | **STIPULATION AND ~~PROPOSED~~ ORDER
   |         Plaintiff,             | REGARDING PARTIAL WITHDRAWAL
13 |                                | OF MOTION TO DISMISS, FILING OF
   |    v.                          | AMENDED COMPLAINT AND
14 |                                | CONTINUANCE OF RULE 16
   | STANTON, KAY & WATSON, LLP and | CONFERENCE AND RELATED DATES**
15 | EDWARD MEVI,                   |
   |                                |
16 |         Defendants.            |

17

18     Pursuant to Local Rule 6-2, the parties to this action hereby stipulate and agree as follows,

19 and respectfully request that the Court enter the accompanying order adopting the terms of this

20 stipulation.

21     WHEREAS, Continental filed this action against Stanton, Kay & Watson ("SKW"),

22 Edward Mevi, and the Pension Trust Fund for Operating Engineers (the "PTF") on December 22,

23 2005;

24     WHEREAS, following extensive discussions among the original parties to this case

25 regarding the possibility of entering into a tolling agreement, Continental filed an amended

26 complaint on March 10, 2006, dropping the PTF as a party;

27     WHEREAS, Defendants SKW and Mevi then filed a Motion to Dismiss or, In the

28

838438 v 1                                          Request for Continuance of Rule 16 Conference
                                                                        Case No. C 05-5333 MJJ

Alternative, Stay (the "Motion") on April 4, 2006, which has been fully briefed and is set for hearing on May 9, 2006;

WHEREAS, the Motion advanced the following three arguments: (1) the action should be dismissed for lack of subject matter jurisdiction because there is no "claim" against the Defendants because no lawsuit had been filed against them in their underlying dispute with the PTF; (2) the action should be dismissed as to Mevi because he is an "innocent insured" under the Policy at issue; and (3) the action should be stayed because it threatens harm to Defendants' interests vis-à-vis the PTF.

WHEREAS, on the day Defendants filed their reply brief in support of the Motion, they became aware that the PTF had filed three lawsuits against Defendants and against another SKW attorney (James Watson), who is not a party to this coverage action, none of whom have yet been served;

WHEREAS, because Mr. Watson has now been named as a defendant in the PTF's lawsuits, Continental believes James Watson is a necessary party to this declaratory relief action;

WHEREAS, as a result of the PTF having filed its lawsuits, Continental intends to amend its complaint in this action to include the fact that the lawsuits have been filed, to include pertinent allegations from the PTF's complaints and to add Mr. Watson as a defendant;

WHEREAS, as a result of the PTF having filed its lawsuits, Defendants agree to withdraw their argument in the Motion that there is no subject matter jurisdiction;

WHEREAS, Defendants continue to assert that this action should be dismissed as to Mevi on the ground that he is an "innocent insured" and that this action should be stayed because it threatens harm to Defendants' interests vis-à-vis the PTF;

WHEREAS, Continental disagrees that any "innocent insured" or other provision in the Policy protects Mr. Mevi or any other insured from rescission of the Policy and also disagrees that this case should be stayed pending resolution of the underlying matter;

WHEREAS, the parties wish to submit supplemental briefing to address the effect, if any, of the new PTF actions on the two arguments remaining in the Motion;

WHEREAS, Defendants filed the Motion well before their deadline to do so in order for it

1  to be heard before the parties or the Court incur significant resources in connection with early
2  disclosures and a case management conference;
3        WHEREAS, there has been one previous continuance of the Rule 16 conference (on the
4  ground that Defendants had not yet been served and the parties were discussing a tolling
5  agreement), which is currently set for May 30, 2006;
6        WHEREAS, continuing the Rule 16 case management conference and related dates will
7  have a positive impact on the management and ultimate resolution of this case by ensuring that all
8  parties to the case (including Mr. Watson, who has not yet been added as a defendant) will have
9  an opportunity to confer meaningfully regarding discovery and other case management issues and
10 be prepared to participate in a productive discussion at the Rule 16 conference. The continuance
11 will also serve the purpose of ensuring that the complaint and all pertinent and current facts in
12 connection with this matter are before this Court in connection with the remaining arguments in
13 the Motion. Although the parties to this litigation disagree on whether this case should be stayed,
14 the parties do agree that the stay issue should be determined prior to the parties or the Court
15 expending any significant resources in connection with the case management conference and
16 related disclosures;
17       THEREFORE, as a result of the foregoing, the parties to this action stipulate and agree as
18 follows:

- Defendants will withdraw their motion to dismiss premised on the argument that the Court lacks subject matter jurisdiction and the hearing set for May 9 will be continued to ~~May 30, 2006;~~ June 13, 2006 at 9:30 a.m.
- The parties will file any supplemental briefing regarding the effect, if any, of the new PTF actions on the Motion on or before May 16, 2006;
- Continental will file a second amended complaint within seven (7) court days of service of the Court's ruling on the Motion;
- Defendants agree to respond to Continental's second amended complaint within ten (10) court days of service of that complaint;
- The Rule 16 case management conference currently scheduled for May 30, 2006

838438 v 1     -3-     Request for Continuance of Rule 16 Conference
Case No. C 05-5333 MJJ

and all related dates (including exchange of initial disclosures, filing of the Rule 26(f) report and filing of a joint case management conference statement) will be ~~continued~~ to Tuesday, August 22, 2006 at 2:00 p.m. continued ~~for a period of at least 30 days after this Court rules on the remaining arguments in the Motion.~~ Joint CMC Statement due by August 14, 2006.

The parties respectfully request that, by its signature below, the Court enter an order effectuating the parties' agreement.

SO STIPULATED:

Dated: May 2, 2006                    ROSS, DIXON & BELL, LLP

_____
Jennifer Mathis
*Attorneys for Plaintiff*
*Continental Casualty Company*

Dated: May 2, 2006                    HANSON BRIDGETT MARCUS VLAHOS & RUDY, LLP

_____
Linda E. Klamm
Lorianne Conklin
*Attorneys for Defendants Stanton, Kay & Watson and Edward Mevi*

PURSUANT TO STIPULATION, IT IS SO ORDERED:

Dated: 5/8/2006

_____
Hon. Martin J. Jenkins
United States District Court Judge

838438 v 1                    -4-                    Request for Continuance of Rule 16 Conference
                                                      Case No. C 05-5333 MJJ